IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JODY MYATT**                                                                     **PLAINTIFF**

**V.**                                                 **CIVIL ACTION NO.: 3:25-CV-65-SA-JMV**

**REAVES LAW FIRM, PLLC AND**
**HENRY E. REAVES, III**                                              **DEFENDANTS**

## ORDER GRANTING MOTION TO COMPEL

Before the Court is the amended motion of Plaintiff, Jody Myatt, requesting the Court to compel Defendant Reaves Law Firm, PLLC ("RLF") to fully answer various discovery requests [Doc. 39]. Plaintiff submitted a declaration in accordance with L.U. Civ. R. 37(a) in his initial motion to compel, detailing Defendant's failure to provide discovery responses after repeated requests [Doc. 34] at Ex. 2. Defendant failed to respond to either the initial Motion to Compel [Doc. 34] or the Amended Motion to Compel [Doc. 39], and the Court is now prepared to rule.

The Court finds that a brief recitation of the procedural history of this matter is in order. On June 25, 2025, Plaintiff served his first set of Interrogatories and Requests for Production via email on counsel for Defendants. Defendant RLF's responses were originally due on July 28, 2025. Defendant RLF failed to timely respond, but Plaintiff unilaterally gave Defendant RLF an extension of time through August 15, 2025. Plaintiff then filed a motion to compel on August 18, 2025, which was terminated by the Clerk for failure to comply with the Local Uniform Civil Rules. Thereafter, on August 18, 2025, Defendant RLF advised Plaintiff's counsel via email that RLF would serve responses by the close of business on August 22, 2025. *See* [Doc 34] at Ex. 5.

On September 5, 2025, Plaintiff filed a motion to compel RLF to provide discovery responses. [Doc. 34]. On September 8, 2025, Defendant RLF filed a Notice of Service of

1

Responses to Interrogatories and Requests for Production [Doc. 36]. No response to the motion to compel was filed. Thereafter, the undersigned's chambers contacted counsel for the parties to ascertain whether the motion to compel remained at issue following the Defendants' responses to interrogatories and requests for production. In response, on September 30, 2025, Plaintiff filed the instant Amended Motion to Compel RLF's Discovery Responses [Doc. 39]. No response in opposition was filed by the Defendant.

For the reasons outlined in the Plaintiff's Amended Motion to Compel [Doc. 39], the Court finds that the motion shall be and is hereby **GRANTED**. Thus, **Defendant Reeves Law Firm, PLLC is hereby ordered to, within fourteen days from the date of this Order, or by October 31, 2025, fully and completely respond to and/or supplement responses to written discovery requests, including, but not limited to, Requests for Production Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 15, 16 and 18.**

Federal Rule of Civil Procedure 37(a)(5)(A) states in relevant part, "the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." (emphasis added). Accordingly, the award of costs is mandatory pursuant to Rule 37 where the motion to compel is meritorious, which the court finds that it is. In the memorandum in support of his amended motion, Plaintiff requests that the Court award "reasonable expenses, including attorney's fees in the amount of $750.00, incurred in bringing this motion." [Doc. 40] at 4. The Court finds said request to be reasonable.

**DEFENDANT REEVES LAW FIRM, PLLC IS, THEREFORE, ORDERED** to pay Plaintiff's reasonable expenses, including attorneys' fees, which were incurred in making the

2

Motion to Compel [Doc. 39] in the amount of $750.00. Payment shall be made within fourteen days from the date of this Order, or by October 31, 2025.

    **SO ORDERED**, this, the 17th day of October, 2025.

                                            /s/ Jane M. Virden
                                            UNITED STATES MAGISTRATE JUDGE