IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JODY MYATT PLAINTIFF

v. CIVIL ACTION NO. 3:25-CV-65-SA-JMV

REAVES LAW FIRM, PLLC, and
HENRY E. REAVES, III DEFENDANTS

SANCTIONS ORDER

On September 1, 2026, the Court held a show cause hearing concerning Henry E. Reaves, III's failure to appear at a previous pretrial conference before this Court. Some background is necessary.

On July 1, 2026, this Court reset the trial of this matter for July 27, 2026. *See* [75, 76]. In the days and weeks leading up to that trial date, the Court had extensive email communications with the parties. On July 21, 2026, the Court entered an Order [82] again continuing the trial of this case. That Order [82] provided an explanation for that decision:

> This case is currently set to proceed to a jury trial commencing on July 27, 2026. *See* [76]. In reviewing the proposed final pretrial order, the Court developed concerns as to whether the parties could complete the trial in two days as counsel estimated in the proposed order. The Court communicated with counsel via email and explained that, due to other matters on the Court's calendar, it could allot three days for the trial but no more. The Court inquired of counsel whether they believed that the case could be completed in three days. Having considered the email responses, the Court finds it appropriate to continue the trial of this matter. It will be reset for a later date.
>
> However, the Court will hold an in-person pretrial conference with the parties on Monday, July 27, 2026 at 10:00 AM. A separate Notice will be entered simultaneously with this Order.

[82] at p. 1.

Immediately thereafter, the Court entered a Notice of Hearing [83], which specifically advised the parties that "counsel and parties are required to appear in person." [83] at p. 1. The Notice [83] was entered at 1:06 PM that day. Shortly thereafter, at 2:40 PM that day, defense counsel emailed Court staff and specifically inquired: "Are the parties required to attend in addition to the attorneys?" A member of Court staff responded four minutes later and advised defense counsel that "parties and attorneys are required to attend the conference on Monday." A copy of this email exchange will be attached as Exhibit 1 to this Order.

On July 27, 2026, the plaintiff, Jody Myatt, and his counsel, as well as defense counsel, appeared for the in-person pretrial conference. However, Reaves, who is sued individually in this case, did not appear. Defense counsel advised the Court that Reaves was sick and unable to appear. The Court advised defense counsel that it expected to receive a doctor's note by 5:00 PM that day. At 4:34 PM, defense counsel emailed the Court a document purporting to be a doctor's note indicating that Reaves had been seen at a clinic in Walls, Mississippi that day. A copy of that email with the attachment will be attached as Exhibit 2 to this Order.[1]

Considering the circumstances of this case as a whole, the Court was skeptical of Reaves' excuse. This hesitancy ultimately led the Court to schedule a show cause hearing. *See* [90].

The show cause hearing proceeded on September 1, 2026. At the hearing, the Court placed Reaves under oath and asked him a series of questions. Immediately, Reaves became hostile with the Court. When asked about his medical treatment on the date in question, Reaves stated that he was prescribed medication for a particular virus that was going around at that time. Reaves did not have the prescription with him at the hearing, nor did he recall the name of the doctor or nurse practitioner that prescribed him the medication. When asked what time he went to the clinic,

[1] The Court has redacted portions of the email attachment to prevent public disclosure of Reaves' personal information.

Reaves stated that he could not recall, nor could he even generally say whether he went in the morning or afternoon. He then stated to the Court that "I feel like what you are trying to do is get me caught in perjury so I'm just going to take the Fifth here on out." He answered a few more questions and the Court eventually took the matter under advisement.

Stated simply, the Court does not believe Reaves. It is quite fortuitous that immediately after the in-person pretrial conference was scheduled, defense counsel inquired whether his client needed to appear and then Reaves ultimately did not appear. And it is noteworthy to the Court that July 27, 2026—the day that Reaves was allegedly unable to appear before this Court—was the same day that the trial of this matter had been scheduled. Thus, Reaves would seemingly have this Court believe that he would have missed the first day of the trial of this matter. Again, the Court does not believe him.

In pertinent part, Rule 16(f) of the Federal Rules of Civil Procedure provides:

> (f) SANCTIONS.
>
> (1) *In General*. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>
> (A) *fails to appear at a scheduling or other pretrial conference*;
>
> (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or
>
> (C) *fails to obey a scheduling or other pretrial order*.

FED. R. CIV. P. 16(f)(1) (emphasis added).

Rule 37(b)(2)(vii), which again is referenced in Rule 16(f)(1), contemplates "treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." FED. R. CIV. P. 37(b)(2)(A)(vii).

This Court treats Reaves' conduct as being in contempt of court. The Court disbelieves his reason for his absence and specifically finds that his failure to appear was willful and in defiance of this Court's directive that he appear in person. His conduct at the subsequent show cause hearing only bolstered the Court's conclusion.[2]

However, rather than entering a default judgment against Reaves or implementing an extreme sanction, the Court finds it appropriate to impose a fine against him. Specifically, the Court finds a fine in the amount of $1,500.00 to be appropriate. A fine in this amount will act to deter future sanctionable conduct of this nature and ensure compliance with court orders. *See*, *e.g.*, *Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 503 (N.D. Tex. 2016) (recognizing deterrence of future sanctionable conduct as the purpose of sanctions under Rule 37(b)). The Court finds this to be the least severe sanction adequate to achieve compliance with future orders. *See Scaife v. Associated Air Ctr. Inc.*, 100 F.3d 406, 412 (5th Cir. 1996).

Henry E. Reaves, III is hereby ORDERED to pay $1,500.00 to the registry of this Court within 30 days of today's date. Should Reaves fail to do so, the Court will take further action.

SO ORDERED this the 2nd day of September, 2026.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE

[2] The Court also maintains inherent authority to enforce compliance with its orders. *See*, *e.g.*, *Goldman v. Hartford Life and Acc. Ins. Co.*,417 F. Supp. 2d 788, 793 (E.D. La. 2006) (citing *Rousseau v. 3 Eagles Aviation, Inc.*, 130 F. App'x 687, 690 (5th Cir. 2005)). Even if Rule 16(f) and Rule 37(b)(2) were inapplicable, the Court would sanction Reaves, pursuant to its inherent authority, for his willful failure to comply.